FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 21 2022

TAMMY H. DOWNS, CLERK

By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

Central ~~LITTLE ROCK~~ DIVISION

NATURAL STATE DISTRIBUTING, LLC                                      PLAINTIFF

v.                              CASE NO. 4:22-cv-1262-JM

LESLIE RUTLEDGE, ARKANSAS
ATTORNEY GENERAL; ARKANSAS ALCOHOL
BEVERAGE CONTROL DIVISION
OF THE ARKANSAS DEPARTMENT OF
FINANCE AND ADMINISTRATION; AND
DORALEE CHANDLER, DIRECTOR                                           DEFENDANTS

This case assigned to District Judge **Moody**
and to Magistrate Judge **Kearney**

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Comes now Plaintiff, Natural State Distributing, LLC, by and through its attorneys, and

for its Complaint challenging the constitutionality of the residency requirements outlined in Ark.

Code Ann. § 3-4-606; seeking a declaration properly construing Ark. Code Ann. § 3-4-606, so as

to bring Arkansas law into compliance with the decision of the United States Supreme Court in

*Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S.Ct. 2449 (2019) ("*Thomas*"); and

enjoining and barring the enforcement of Arkansas's unconstitutional residency requirements.

### PARTIES

1. Plaintiff, Natural State Distributing, LLC, is an Arkansas limited liability company,

   duly registered and permitted to operate in Arkansas as a licensed wholesaler of

   alcohol, wine, and spirits. Plaintiff does business throughout the State of Arkansas and

   is a taxpayer of the State of Arkansas. For these reasons, Plaintiff is therefore entitled

   to the privileges and advantages of operating as a duly registered and tax paying

   Arkansas limited liability company and also to the privileges and advantages of

operating as an Arkansas licensed wholesaler of alcohol, wine, and spirits, serving customers in Arkansas with its products.

2. Defendant, Leslie Rutledge, is the Attorney General of the State of Arkansas. Her office is created by Article 6, section 1 of the Arkansas Constitution. Under Arkansas law, she is the attorney for "all state officials, departments, institutions, and agencies." Ark. Code Ann. 25-16-702(1); see also Ark. Code Ann. 16-111-106(b). As such, Attorney General Rutledge has a sufficient interest in the constitutionality and enforcement of the State's statutes to defend the present claim for declaratory judgment.

3. The Arkansas Department of Finance and Administration ("DFA") is an agency of the State of Arkansas. The Arkansas Alcohol Beverage Control Division ("ABC") of DFA regulates, supervises, and controls the manufacture, distribution, and sale of all alcoholic beverages and the issuance of permits and the regulation thereof within the state. Alcoholic Beverage Control, https://www.dfa.arkansas.gov/alcoholic-beverage-control/ (last visited Sept. 23, 2022). Defendant, Doralee Chandler, is the Administrative Director of ABC and is charged with the enforcement and supervision of the statutes and ABC rules and regulations challenged herein.

4. Defendants are acting under the color of state law when they enforce or supervise the enforcement of the state statutes and regulations challenged herein as violative of Plaintiff's rights and privileges under the United States Constitution. 42 U.S.C. § 1983. Defendants and their successors in office are therefore, sued in their official capacities.

## JURISDICTION AND VENUE

5. Pursuant to the federal question jurisdiction statute codified at 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1343(a)(3), the Court has original jurisdiction over the subject

matter of this action, which alleges the violation of Plaintiff's rights and privileges under the United States Constitution.

6. Venue in this Court is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS AND APPLICABLE LAW

7. This matter involves the application of the United States Constitution, and a specific binding precedent from the Supreme Court of the United States to the Arkansas statutes applicable to wholesale alcoholic beverage permittees. Specifically, Plaintiff alleges that the disputed durational-residency requirements on Arkansas wholesale alcoholic beverage permittees are violative of the United States Constitution.

8. Plaintiff is engaged in the heavily regulated business of the wholesale sale of alcohol, wine and spirits in Arkansas.

9. Plaintiff's business is regulated by multiple federal, state, and local agencies.

10. For example, at the federal level, Plaintiff holds a Basic Wholesaler Permit issued by the Alcohol and Tobacco Tax and Trade Bureau of the United States Department of Treasury (Permit No. AR-P-21054, Distilled Spirits, Malt Beverages, Wine).

11. Arkansas statute criminalizes the sale of alcohol, wine and spirits without a valid license/permit issued by the State via the ABC. Ark. Code Ann. § 3-3-205.

12. Therefore, Plaintiff, as a seller of alcoholic beverages at wholesale, is required by law to hold an Arkansas wholesale liquor permit issued by the ABC.

13. Arkansas follows the basic three-tiered distribution system that separates producers, wholesalers and retailers of alcohol, wine and spirits.

**14.** Plaintiff holds Arkansas wholesale liquor permit (Permit No. 02361), attached hereto as Exhibit "A". Arkansas resident, Kim Crawford is Plaintiff's permitted Manager of record. *Id.*

**15.** Prior to Act 379 of the General Assembly of Arkansas of 1951, the Arkansas statutory scheme did <u>not</u> impose residency requirements on persons or entities in the business of selling alcoholic beverages wholesale in Arkansas.

**16.** Following the passage of Act 379, the Supreme Court of Arkansas opined in *Callahan v. Little Rock Distributing Co., Inc.*, 248 S.W.2d 97, 220 Ark. 443 (1952), that the "overall purpose of Act 379 was to restrict the issuance of wholesale permits to persons or business organizations meeting the residence requirements in the Act." *Id.* at 99, 445.

**17.** However, in 1952, the Arkansas Supreme Court in *Callahan* declined to apply Act 379 to revoke existing wholesale permits for nonresidents operating legally when Act 379 became effective (*i.e.,* grandfathered-in pre-Act 379 nonresident wholesale permit holders). *Id. See also*, Ark. Code Ann. § 3-4-606(d)(2)(e).

**18.** As such, there are wholesale alcoholic beverage permits previously issued by ABC that remain owned by non-residents. Upon information and belief, the nonresident wholesale permit holders who were grandfathered in under *Callahan* hold substantial shares of the wholesale market. *Id.*

**19.** Ark. Code Ann. § 3-4-606 currently requires a five (5) year residency in order to be eligible for a wholesale permit. Ark. Code Ann. § 3-4-606 provides:

Wholesalers--Eligibility requirements

(a) In addition to any restriction or requirement now imposed by law or by valid rule promulgated in accordance with law, the following persons shall not be eligible hereafter to receive, obtain, or be granted any wholesale liquor permit:

(1) Any individual person who is not a citizen and bona fide resident of the State of Arkansas and who has not been domiciled in the State of Arkansas continuously for at least five (5) years next preceding the date of his or her application for permit;

(2) Any corporation in which any officer, director, manager, or stockholder of which would be ineligible as an individual person to obtain a permit by reason of the foregoing provisions of subdivision (a)(1) of this section or by reason of any other existing restriction or provision of law or valid rule promulgated in accordance with law; or

(3) Any partnership, any of whose members or manager would be ineligible as an individual to obtain such permit by reason of the provisions of subdivision (a)(1) of this section or of any other provisions of law or valid rule as aforesaid.

(b)(1) Any corporation which shall apply for a wholesale liquor permit shall, at the time of filing, attach thereto a list of its stockholders, managers, directors, and officers on such form as may be prescribed by the officer or authority issuing the permit, verified by the president and secretary and showing the names, addresses, and places of residence of all such persons for the five (5) years next preceding the date of application.

(2) When the residence or address of any such stockholder, manager, director, or officer is changed, the change shall be reported by the corporation to such officer or authority within ten (10) days thereafter.

(3) No stock in any corporation holding a permit shall be issued or transferred to any ineligible individual, except in the case of transfer by reason of death of a stockholder. In that event, the transfer by death to any ineligible individual shall be reported by the corporation to the issuing officer or authority not later than sixty (60) days after the death. If within six (6) months thereafter the stock transferred by death shall not have been transferred by bona fide transaction to an individual otherwise eligible to receive the permit as provided herein, and as provided by existing law or rule, as aforesaid, the permit of the corporation shall immediately be revoked and cancelled.

(c) The provisions of this section shall not apply to any stock owned in any company legally operating in the State of Arkansas on June 7, 1951.

(d)(1) Any wholesale liquor permit that may be issued to any individual, partnership, or corporation which shall be found thereafter ineligible as provided in this section, or as otherwise provided by law or rule, shall be cancelled and revoked.

(2) If any individual, partnership, or corporation shall not comply fully with the provisions hereof, any permit theretofore issued shall be cancelled and revoked.

(e) This section shall not apply to any person, firm, or corporation which, for a period of at least ten (10) years prior to June 7, 1951, had continuously been the holder of a wholesale liquor permit issued by this state.

(f) This section shall be cumulative to existing restrictions and requirements governing the issuance of wholesale liquor permits.

5

**20.** The ABC has promulgated its own rules and regulations regarding the permit application processes.

**21.** The 2020 ABC Rules further provide that permit applications must include statements regarding the length of residency of individual owner applicants as well as from all individuals owning more than five percent (5%) of any corporate applicant, such as the Plaintiff limited liability company. Section 1.20 of the ABC Rules (*Information, Statements and Documents to be Furnished by Applicant*).

**22.** For example, the permit application must state (with certain exceptions not applicable here) that the applicant "[s]hall be a resident of the State of Arkansas on the date of the application and maintain such residency within the State as a continuing qualification to hold a permit issued by this agency." *Id.* § 1.20(5)B.

**23.** "If the applicant is a corporation or an association, a statement shall be made in the application that all officers and directors, any stockholders holding more than five percent (5%) of the stock of such corporation, and the managing agent(s) possess all of the qualifications required by the laws of the State of Arkansas or by these Rules for an individual permit." *Id.* § 1.20(6).

**24.** Section 1.32(1) of the ABC Rules further states as follows:

*Persons Not Qualified.* Any individual, partnership or corporation if such individual or any member of such partnership or any officer, director, managing agent or stockholder holding more than five percent (5%) of the stock of such corporation does not possess the [residency] qualifications required by these Rules or by any alcoholic beverage control law of the State of Arkansas of such individual, partner, officer, director, managing agent or stockholder in making application for a permit.

**25.** As an entity regulated at the state level by ABC, Plaintiff is subject to the statutory durational-residency requirements for wholesale permit holders dictated by Ark. Code

Ann. § 3-4-606. Plaintiff is also subject to the residency requirements for wholesale permit holders delineated in the rules promulgated by the ABC.

26. Plaintiff is currently attempting to sell the assets of its business, including its wholesale permits, to a prospective out-of-state corporate buyer. However, the prospective out-of-state buyer does not meet either the durational residency requirements in Ark. Code Ann. § 3-4-606 or the residency requirements outlined in the ABC Rules regarding permit applications.

27. The prospective buyer is incorporated in a state outside Arkansas, and its principal place of business—its headquarters—is outside Arkansas.

28. If the asset sale closes,  it would own Plaintiff's warehouse and other facilities from which Plaintiff stores and distributes alcohol within Arkansas. Therefore, the buyer would have a physical presence in Arkansas.

29. In other words, the prospective buyer/wholesaler would be within the State, but the buyer's formal legal residence would remain outside Arkansas.

30. Moreover, the officers and directors, stockholders holding more than five percent (5%) of the stock and/or the managing agent(s) of the prospective buyer's entity do not possess the residency qualifications required by the laws of the State of Arkansas.

31. The contemplated asset sale is in the due diligence phase with the prospective out-of-state buyer.

32. Under the terms of the parties' agreement, closing is contingent upon the transfer of Plaintiff's existing Arkansas alcoholic beverage wholesale permit to the prospective out-of-state buyer.

**33.** The ABC is empowered to determine whether the existing permit may be transferred to the prospective out-of-state buyer and has also promulgated its own rules and regulations regarding the sale of Plaintiff's business and the permit transfer processes.

**34.** The ABC Director's approval is necessary to transfer Plaintiff's existing alcoholic beverage wholesale permit to the prospective out-of-state buyer. Section 1.39 of the ABC Rules (*Director to be Notified of Sale of Business*), and Sections 144-46 (*Transferees Must Qualify and be Approved by the Director*).

**35.** Without the ABC Director's approval of the wholesale permit transfer from Plaintiff to the prospective out-of-state buyer, the prospective buyer would be unable to operate as a wholesaler of alcoholic beverages in Arkansas and face potential criminal prosecution for doing so.

**36.** Because the Arkansas residency requirements for alcoholic beverage wholesalers facially prohibit the transfer of wholesale alcoholic beverage permits to out-of-state residents and/or business entities whose ownership is held above 5% by out-of-state residents, Plaintiff cannot close this business transaction until the residency requirements are declared invalid, and their enforcement is enjoined. *Dartmouth College v. Woodward*, 17 U. S. (4 Wheat.) 518 (1819) (finding that a state law that altered a charter granted to a private eleemosynary corporation by the British Crown prior to the Revolution violated the Contracts Clause (Art. I, § 10)).

**37.** Plaintiff is, thus, in immediate danger of suffering concrete, real, and specific injury regarding the inability to transfer its business assets that include its Arkansas wholesale permit to an out-of-state buyer.

38. The inability to sell its business to this prospective out-of-state buyer, or any out-of-state buyer, whatsoever, because of the unconstitutional durational residency requirements results in irreparable harm, including, but not limited to, the deprivation of constitutional rights and the imposition of actual economic injury to the Plaintiff as well as its individual owners, that a favorable decision from this Court would remedy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

39. Although under Section 2 of the Twenty-first Amendment to the United States Constitution, states such as Arkansas have the right to regulate the sale of alcoholic beverages within their borders, that right is not absolute. Rather, "state regulation of alcohol is limited by the nondiscrimination principle of the Commerce Clause." *Granholm v. Heald,* 544 U.S. 460, 487 (2005).

40. For example, in 2019, the United States Supreme Court in *Thomas* invalidated a durational (two-year) residency requirement that "is not an essential feature of a three-tiered scheme." *Thomas*, 139 S.Ct. 2471. The Court held that Tennessee's durational residency requirement for applicants seeking licenses to sell alcohol, wine and spirits violated the dormant Commerce Clause of the United States Constitution by discriminating against nonresidents of the state and was not saved by the Twenty-first Amendment's reservation of state authority to govern alcohol sales. *Thomas*, 139 S.Ct. 2449.

41. Despite the United States Supreme Court's ruling in *Thomas*, Arkansas statutes, as well as the ABC Rules, continue to place unconstitutional durational residency requirements on wholesale alcoholic beverage permittees that are (1) facially discriminatory and (2) do not advance a legitimate state purpose that cannot be adequately served by

reasonable, nondiscriminatory alternative requirements. See, for example, *The Honorable Walter A. Tilley, III*, 106 Md. Op. Atty Gen. 82 (2021) (discussing Maryland's abolishment of durational and/or non-durational residency requirements for alcoholic beverage licenses following *Thomas*).

## COUNT I - DECLARATION THAT ARK. CODE ANN. § 3-4-606 IS UNCONSTITUTIONAL.

42. Plaintiff adopts and incorporates each of the averments contained in Paragraphs 1 through 41 as if fully restated here.

43. Plaintiff seeks a declaratory judgment with respect to the invalidity of a state statute that directly affects Plaintiff's Constitutional rights, status, legal relations, and business interests. Because the Complaint seeks a declaratory judgment with respect to the validity of a statute that directly affects Plaintiff's Constitutional rights, the Court has the authority to grant declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57.

44. Plaintiff seeks a judgment declaring Arkansas's statutory scheme that prohibits out-of-state wholesalers from obtaining a wholesale liquor permit because of its durational residency requirements, unconstitutional under the Commerce Clause.

45. Plaintiff is in the class of persons affected by the residency requirements contained in Ark. Code Ann. § 3-4-606 and in the related ABC Rules. Therefore, Plaintiff has standing to challenge the Arkansas law under the Commerce Clause.

46. With the contemplated sale of its wholesale alcoholic beverage business, which necessitates a transfer of permits, including the wholesale permit issued by the ABC, the issues presented by Plaintiff are ripe for adjudication.

47. The residency requirements contained in Ark. Code Ann. § 3-4-606 and in the ABC Rules currently impose an actual, immediate and ongoing injury to Plaintiff.

48. Therefore, a real, definite, and pressing controversy exists regarding the constitutionality of the residency requirements contained in Ark. Code Ann. § 3-4-606 and in the associated ABC Rules.

49. These Arkansas laws are unconstitutional for all the same reasons the Supreme Court found Tennessee's residency requirements to be unconstitutional in *Thomas*. By law, the ABC is prohibited from allowing out-of-state residents to obtain wholesale permits. The State of Arkansas and its state agencies are therefore, discriminating against interstate commerce.

50. The ability of the ABC to refuse to issue wholesale permits to out-of-state residents allows Arkansas and its state agencies to protect the economic interest of the current wholesale permit holders by shielding them from competition, in violation of the Commerce Clause of the United States Constitution, U.S. Const. art. I § 8, cl. 3 (limiting the power of the States to discriminate against interstate commerce). *Thomas*, 139 S.Ct. at 2469, 2474, 2476.

51. Like the laws in *Thomas*—which involved only a two-year durational residency requirement--the Arkansas residency requirements cannot be justified as a public health measure or on some other legitimate nonprotectionist ground. *Id*.

52. Further like the residency requirements in *Thomas*, the residency requirements contained in Ark. Code Ann. § 3-4-606 and in the associated ABC Rules are facially discriminatory, in violation of the Commerce Clause, because they mandate "differential treatment of in-state and out-of-state economic interests that benefits the

former and burdens the latter." *Granholm*, 544 U.S. at 472. In particular, these residency requirements allow an applicant who has resided in Arkansas for five years to obtain a permit, but forbid persons who do not reside in Arkansas from obtaining a permit.[1]

**53.** The residency requirements contained in Ark. Code Ann. § 3-4-606 and in the associated ABC Rules are also discriminatory, in violation of the Commerce Clause, as applied to Plaintiff and its legitimate business interests in closing the sale of its business assets to a nonresident buyer.

**54.** Ark. Code Ann. § 3-4-801 provides the purpose of the alcoholic beverage permitting process and provides:

The legislative intent and purpose of this subchapter is to:

(1) Eliminate the sale of alcoholic beverages to and consumption of alcoholic beverages by underage persons;
(2) Reduce intoxication and reduce accidents, injuries, and deaths in the state which are related to intoxication; and
(3) Encourage alcoholic beverage permit holders to be prudent in the sale and service of alcoholic beverages.

**55.** The residency requirements contained in Ark. Code Ann. § 3-4-606 as well as in the associated ABC Rules do not advance any of the purposes delineated in Ark. Code Ann. § 3-4-801 or any other legitimate state purpose whatsoever that cannot be

---

[1] In addition, the Privileges and Immunities Clause forbids a state from unjustly depriving citizens from other states of any rights derived from state citizenship solely on the basis of nonresidency. By refusing to issue ABC wholesale permits to out-of-state residents, the State of Arkansas is also denying the individual owners and managers of the Plaintiff limited liability company, the privilege of consummating the contemplated business transaction to an out-of-state entity upon the same terms as a sale to an Arkansas resident in violation of the Privileges and Immunities Clause in Article IV of the United States Constitution, U.S. Const. art. IV, § 2 (stating that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states"); *see also,* U.S. Const. amend. XIV, § 1 (stating that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States") and U.S. Const. art. I § 10, cl. 1 ("Contracts Clause").

adequately served by reasonable, nondiscriminatory alternative requirements. *Thomas*, 139 S.Ct. at 2474, 2476.

**56.** For example, the residency requirement cannot be justified on the theory that it ensures that wholesalers are amenable to the direct process of state courts. As the Supreme Court held in *Thomas*, this objective could be achieved by ready alternatives, such as requiring a nonresident to designate an agent to receive process or to consent to suit in the Arkansas courts.

*57.* Likewise, the five-year durational-residency requirement cannot be justified on the ground that it gives the State a better opportunity to determine an applicant's fitness to sell alcohol and guards against "undesirable nonresidents" moving into the State for the purpose of operating a liquor store. As the Supreme Court held of the two-year requirement in *Thomas,* the State can thoroughly investigate applicants without requiring them to reside in the State for two — and certainly five — years before obtaining a license. The State still can conduct a criminal background check and demand more information regarding the applicant. Moreover, Arkansas's durational residency requirements do not increase the chances that the applicant will be educated about liquor sales, submit to inspections, or report to the State during the five years.

**58.** Moreover, just as in *Thomas*, the Arkansas residency requirement is not needed to enable the State to maintain oversight over the prospective buyer. The prospective buyer's Arkansas operations would be physically located within the State, which would allow the State to monitor the stores' operations through on-site inspections, audits, and the like. Should the State conclude that the buyer has failed to comply with state law, it may revoke its operating license.

**59.** In the light of the prospective buyer's in-state presence, there is no evidence that the residency requirements are needed to promote responsible alcohol consumption by the public. Wholesalers do not sell their products directly to the public. The State has adequate nondiscriminatory alternatives to promote responsible alcohol consumption, including limitations on the number of retail licenses that are granted, as well as the amount of alcohol that may be sold by any individual. The State likewise could maintain extensive training for all holders of wholesaler licenses, regardless of where their formal residence may be.

**60.** Plaintiff is entitled to a declaratory judgment regarding the constitutionality of Ark. Code Ann. § 3-4-606. Plaintiff is specifically entitled to a judgment:

   a.  declaring Ark. Code Ann. § 3-4-606, which prohibits out-of-state wholesalers from holding an Arkansas alcoholic beverage permit based upon durational residency requirements, unconstitutional as a violation of the Commerce Clause of the United States Constitution, U.S. Const. art. I § 8, cl. 3, *see also,* U.S. Const. art. I § 8, cl. 3; and

   b.  ordering a speedy hearing of this action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## COUNT II - INJUNCTIVE RELIEF

**61.** Plaintiff adopts and incorporates each of the averments contained in Paragraphs 1 through 60 as if fully restated here.

**62.** Ark. Code Ann. § 3-4-606 and its related ABC Rules subject Plaintiff (and its individual owners) to irreparable harm for which there exists no adequate remedy at law.

**63.** Enforcement of these laws would cause Plaintiff (and its individual owners) irreparable harm by preventing the contemplated asset sale to the prospective out-of-state buyer, or any out-of-state buyer, whatsoever.

**64.** Plaintiff is therefore, entitled to a permanent injunction requiring Defendants to allow a transfer of Plaintiff's state-issued wholesale permit to its prospective out-of-state buyer and prohibiting Defendants from enforcing the unconstitutional durational residency requirements of Ark. Code Ann. § 3-4-606 and/or its related ABC Rules.

**COUNT III - ATTORNEYS FEES AND COSTS**

**65.** Plaintiff adopts and incorporates each of the averments contained in Paragraphs 1 through 64 as if fully restated here.

**66.** Plaintiff is entitled to an award of its costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff seeks the following relief:

A. Judgment declaring Ark. Code Ann. § 3-4-606 and its related ABC Rules that prohibit out-of-state applicants from holding wholesale alcoholic beverage permits unconstitutional for the reasons enumerated in this Complaint.

B. Judgment declaring and properly construing Ark. Code Ann. § 3-4-606 and its related ABC Rules, to bring Arkansas law into compliance with the decision of the United States Supreme Court in *Thomas*.

C. A permanent injunction requiring Defendants to allow a transfer of Plaintiff's state-issued wholesale permit to its prospective out-of-state buyer and prohibiting Defendants from enforcing the unconstitutional residency requirements contained in Ark. Code Ann. § 3-4-606 and/or related ABC Rules.

D.   An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

E.   A speedy hearing of this action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure.

F.   All other relief the Court deems appropriate to afford Plaintiff's requested relief; the ability to sell its business to the prospective out-of-state buyer; and to transfer its ABC wholesaler's permit to the prospective out-of-state buyer.

Respectfully submitted this 21 day of December, 2022.

Conner Eldridge, Ark. Bar No. 2003155
Emily A. Neal, Ark. Bar No. 2003087
ELDRIDGE BROOKS, PLLC
5100 WEST JB HUNT DRIVE, STE. 840
ROGERS, AR 72758
4795537678 - Telephone
4795537553 - Facsimile
conner@eldridgebrooks.com
emily@eldridgebrooks.com

By:

Emily A. Neal, Ark. Bar No. 2003087

16

# EXHIBIT A

**STATE OF ARKANSAS**

**DEPARTMENT OF FINANCE AND ADMINISTRATION**
**ALCOHOLIC BEVERAGE CONTROL DIVISION**
**LITTLE ROCK. ARKANSAS**

Permit No
**02361**



# ALCOHOLIC BEVERAGE PERMIT

**Permit Type**
WHOLESALE LIQUOR

PERMITTEE

**JENNY G. ROSS**                              **NATURAL STATE DISTRIBUTING, LLC**

12103 I-30                        **Little Rock**                              **Pulaski**

This Permit shall not be deemed a property or vested right, is NOT transferable or assignable, and may be revoked at any time pursuant to law. This Permit shall remain valid until suspended, cancelled or revoked so long as the annual permit fee shall be paid as required by law.

January 19, 2017                     June 30, 2017
**Date Issued**                              **Expires**



**Administrator**

THIS PERMIT MUST BE DISPLAYED IN A CONSPICUOUS PLACE

**NATURAL STATE DISTRIBUTING LLC**
**JENNY G ROSS**
**1311 North Hughes Street**
**Little Rock  AR 72207**

D6J003 - D6L024

# ALCOHOLIC BEVERAGE CONTROL
## PERMIT CHANGE LIST
Wholesale Liquor - Page 1 of 1
September , 2018

| PERMIT # | PERMIT TYPE(S) | FORMER | NEW | STATUS CHANGE | EFFECTIVE |
|---|---|---|---|---|---|
| 02361 | Wholesale Liquor | JENNY ROSS<br>NATURAL STATE DISTRIBUTING, LLC<br>1936 North Shiloh Drive<br>Fayetteville, 72701<br>County: Washington | Kim Crawford<br>NATURAL STATE DISTRIBUTING, LLC<br>1936 North Shiloh Drive<br>Fayetteville, 72701<br>County: Washington | Change Of Manager | 09-13-2018 |